Opinion filed September 25, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed September
25, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00054-CR

                                 __________

 

                            ARMANDO MONTEZ BARRIGA, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland
County, Texas

 

                                                 Trial
Court Cause No. CR32196

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Armando Montez Barriga of possession of cocaine.  The trial
court assessed his punishment at confinement for one year in a state jail
facility.  The sentence was imposed in open court on March 1, 2007.  We affirm.








Appellant
has been represented at all times on appeal by retained counsel.  When retained
counsel filed a motion to withdraw, the appeal was abated in order that the
trial court could address the issue of indigency and whether appointment of
counsel was appropriate.  After conducting a hearing, the trial court entered
the following findings:

1.  On
March 1, 2007, Marie Galindo, having been retained as counsel for the
Defendant, filed a motion for new trial, notice of appeal and a motion for
release on appeal bond.

 

2. 
The Defendant has neither requested appointed counsel nor made a showing that
he is indigent for the purposes of appeal.

 

3. 
It is not appropriate to appoint counsel on appeal.

 

The appeal was
reinstated, and the reporter=s
record was due to be filed in this court on or before August 17, 2007.  The
clerk=s record was
filed in this court on August 3, 2007, and this court on its motion extended
the time for filing the reporter=s
record until September 17, 2007.  The court reporter repeatedly advised this
court in writing that appellant had not made arrangements to  pay for the
reporter=s record.  In
the interest of justice, this court granted appellant=s two motions to extend the due date for the
reporter=s record in
order  that he might pay for the record.  The final due date for the reporter=s record was set at
February 11, 2008.  Appellant again failed to make the necessary arrangements
and was advised on February 14, 2008, in a letter from the clerk of this court
that his appeal would be submitted on the clerk=s
record alone and that his brief was due to be filed in this court on or before
March 17, 2008.  Appellant=s
brief was finally received and filed in this court on June 9, 2008.








In
his sole issue, appellant contends that the trial court abused its discretion
in denying his motion to suppress.  When retained counsel filed the brief on
appellant=s behalf,
she also filed an appendix containing only the ninety-seven page reporter=s record from the hearing
on the motion to suppress.  As the State notes in its brief, this reporter=s record is not properly
before this court.  Appellant did not raise the issue of indigency.  Retained
counsel was allowed 347 days to file this nintey-seven page reporter=s record and was advised
350 days after the date the sentence was imposed in open court that his appeal
would be submitted on the clerk=s
record alone.  The failure to file the reporter=s
record is due to appellant=s
actions.  Tex. R. App. P. 37.3(c). 
The record properly before this court does not support appellant=s arguments in his sole
issue.  The issue is overruled.

The
judgment of the trial court is affirmed.

 

PER CURIAM

 

September 25,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.